| | |
|---|---|
| RITA NEWCOMB | CIVIL ACTION NO. 17-CV-00772 |
| VERSUS | CHIEF JUDGE DRELL |
| DG LOUISIANA, L.L.C. d/b/a DOLLAR GENERAL, *et al.* | MAGISTRATE JUDGE PEREZ-MONTES |

### *SUA SPONTE* JURISDICTIONAL BRIEFING ORDER

Before the Court is a Complaint removed from a Louisiana state court by Defendants DG Louisiana, L.L.C. d/b/a Dollar General ("DG Louisiana") and Brandy Wilkes (Doc. 1). Defendants premise federal jurisdiction on diversity of citizenship.

The diversity statute – 28 U.S.C. § 1332 – is satisfied upon a showing of: (1) diversity of citizenship between the parties; and (2) an amount in controversy in excess of $75,000, exclusive of interest and costs. "Complete diversity requires that all persons on one side of the controversy be citizens of different states than all persons on the other side." See Harvey v. Grey Wolf Drilling Co., 542 F.3d 1077, 1079 (5th Cir. 2008) (internal citation and quotation omitted). Further, "when jurisdiction depends on citizenship, citizenship must be *distinctly* and *affirmatively* alleged." See Getty Oil Corp., a Div. of Texaco, Inc. v. Ins. Co. of N. Am., 841 F.2d 1254, 1259 (5th Cir. 1988). The Court has "an independent obligation to determine whether subject-matter jurisdiction exists, even in the absence of a challenge from any party." See Arbaugh v. Y&H Corp., 546 U.S. 500, 514 (2006). This duty persists throughout all

phases of the litigation, "even after trial and the entry of final judgment." See id. at 506-07.

The citizenship of an individual is his or her domicile, meaning the place where an individual resides and intends to remain. See Acridge v. Evangelical Lutheran Good Samaritan Soc., 334 F.3d 444, 448 (5th Cir. 2003). A corporation shall be deemed to be a citizen of every State and foreign state by which it has been incorporated and of the State or foreign state where it has its principal place of business. See Tewari De-Ox Systems, Inc. v. Mountain States/Rosen, L.L.C., 757 F.3d 481, 483 (5th Cir. 2014). The citizenship of a general partnership depends on that of all partners. See Int'l Paper Co. v. Denkmann Associates, 116 F.3d 134, 135, 137 (5th Cir. 1997). The citizenship of a limited liability company ("L.L.C."), a limited partnership, or other unincorporated association or entity is determined by the citizenship of all its members. See Harvey, 542 F.3d at 1079-80.

Plaintiff Rita Newcomb is a Louisiana resident.

Defendant DG Louisiana, L.L.C. is solely owned by Dolgencorp, L.L.C., which is solely owned by the Dollar General Corporation. The Dollar General Corporation was incorporated in and has its principal place of business in Tennessee (Doc. 1). Therefore, DG Louisiana, L.L.C. is a citizen of Tennessee.

Defendant Brandy Wilkes is a resident of Louisiana. Defendants allege that Brandy Wilkes, an employee of Dollar General, was improperly joined as a defendant (Doc. 1). Defendants argue that Newcomb does not have a claim against Wilkes under Louisiana law.

Diversity of citizenship is not clear from the pleadings. Therefore, the existence of federal jurisdiction is in question.

The Clerk of Court is DIRECTED to serve a copy of this order upon all parties to this action IMMEDIATELY upon receipt of proof of service or an appearance.

IT IS ORDERED that, no later than **21 days** from service of this Order, Defendants DG Louisiana, LLC and Brandy Wilkes shall file Jurisdictional Memoranda on the issue of improper joinder of Wilkes.

IT IS FURTHER ORDERED that Plaintiff will be allowed **fourteen days** from receipt of Defendants' memorandum regarding jurisdiction to file a Response to Defendants' Jurisdictional Memoranda on the issue of improper joinder.

THUS DONE AND SIGNED in chambers in Alexandria, Louisiana, this 21st day of June, 2017.

_____
Joseph H.L. Perez-Montes
United States Magistrate Judge