UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
ALEXANDRIA DIVISION

RITA NEWCOMB                 CIVIL ACTION 1:17-CV-00772

VERSUS

DG LOUISIANA, L.L.C., *et al.*       MAGISTRATE JUDGE PEREZ-MONTES

## MEMORANDUM ORDER

Before the Court is a Motion to Remand filed by Plaintiff (Doc. 12). Defendants oppose the motion, arguing Defendant Brandy Wilkes was improperly joined (Doc. 17). The Court agrees. Plaintiff's Motion to Remand (Doc. 12) is denied.

I.     Background

Plaintiff Rita Newcomb ("Newcomb") filed a petition for damages in a Louisiana state court. Newcomb claims she suffered personal injuries resulting from a trip and fall when she was shopping in a Dollar General store on May 9, 2016 (Docs. 1, 12). The petition was removed by Defendants DG Louisiana, L.L.C. d/b/a Dollar General ("DG Louisiana") and Brandy Wilkes ("Wilkes") (employed at Dollar General) (Doc. 1). Defendants premise federal jurisdiction on diversity of citizenship.

Newcomb is a citizen of Louisiana, DG Louisiana is a citizen of Tennessee, and Wilkes is a citizen of Louisiana (Doc. 10). Defendants allege that Wilkes, an employee of Dollar General, was improperly joined (Doc. 1). Defendants argue that Newcomb does not have a claim against Wilkes under Louisiana law.

Newcomb filed a Motion to Remand (Doc. 12), contending she tripped over an empty merchandise box left in the aisle by Wilkes. Newcomb alleges Wilkes was personally negligent (Doc. 12). Defendants oppose the motion, arguing Newcomb has no reasonable possibility of recovery against Wilkes (Doc. 17).

Newcomb's Motion to Remand (Doc. 12) is now before the Court for disposition.

## II. Law and Analysis

Defendants contends Wilkes was improperly joined because Newcomb cannot state a claim against her and, therefore, there is complete diversity between the parties.

The diversity statute – 28 U.S.C. § 1332 – is satisfied upon a showing of: (1) diversity of citizenship between the parties; and (2) an amount in controversy in excess of $75,000, exclusive of interest and costs. "Complete diversity requires that all persons on one side of the controversy be citizens of different states than all persons on the other side." See Harvey v. Grey Wolf Drilling Co., 542 F.3d 1077, 1079 (5th Cir. 2008). The citizenship of an individual is his or her domicile, meaning the place where an individual resides and intends to remain. See Acridge v. Evangelical Lutheran Good Samaritan Soc., 334 F.3d 444, 448 (5th Cir. 2003).

As the effect of removal is to deprive the state court of an action properly before it, removal raises significant federalism concerns. The removal statute is therefore to be strictly construed, and any doubt about the propriety of removal must be resolved in favor of remand. Gasch v. Hartford Acc. & Indem. Co., 491 F.3d 278, 281–82 (5th Cir. 2007).

1. <u>**The law as to joinder**</u>.

To demonstrate improper joinder, the removing defendants must demonstrate either: (1) actual fraud in the pleading of jurisdictional facts, or (2) inability of the plaintiff to establish a cause of action against the non-diverse party in state court. See <u>Gasch</u>, 491 F.3d at 281.

The defendants rely on the second prong in this case. The threshold question is whether there is no reasonable basis for the district court to predict that the plaintiff might be able to recover against an in-state defendant. The burden of proof is on the removing party. See <u>Gasch</u>, 491 F.3d at 281. In deciding whether a party was improperly joined, the Court resolves all contested factual issues and ambiguities of state law in favor of the plaintiff. See <u>Gasch</u>, 491 F.3d at 281.

A court may predict whether a plaintiff has a reasonable basis of recovery under state law in one of two ways. The court may conduct a Rule 12(b)(6)-type analysis, looking initially at the allegations of the complaint to determine whether the complaint states a claim under state law against the in-state defendant. Ordinarily, if a plaintiff can survive a Rule 12(b)(6) challenge, there is no improper joinder. See <u>Smallwood v. Illinois Cent. R. Co.</u>, 385 F.3d 568, 573 (5th Cir. 2004), cert. den., 544 U.S. 992 (2005). However, there are cases in which a plaintiff has stated a claim, but has misstated or omitted discrete facts that would determine the propriety of joinder. In such cases, the district court may, in its discretion, pierce the pleadings and conduct a summary inquiry. See <u>Smallwood</u>, 385 F.3d at 573.[1]

---

[1] A summary inquiry is appropriate only to identify the presence of discrete and undisputed facts that would preclude plaintiff's recovery against the in-state defendant. See <u>Smallwood</u>, 385 F.3d at 574.

3

Pursuant to Fed.R.Civ.P. rule 12(b)(6), "a complaint will survive dismissal for failure to state a claim if it contains 'sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face.'" Legate v. Livingston, 822 F.3d 207, 210 (5th Cir. 2016) (quoting Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009)) (internal citation and quotation omitted). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 556 U.S. at 678. The court must view all well-pleaded facts in the light most favorable to the plaintiff. See Yumilicious Franchise, L.L.C. v. Barrie, 819 F.3d 170, 174 (5th Cir. 2016).

2. Possible legal bases for Wilkes's liability.

Newcomb contends that, under Louisiana law, Wilkes may be solidarily liable with her employer, DG Louisiana, pursuant to La. C.C. art. 2315, citing Canter v. Koehring Co., 283 So.2d 716, 721 (La. 1973), superseded on other grounds by statute, La. Rev. Stat. Ann. 23:1032. Newcomb contends the trip hazard in Dollar General arose from the method of merchandising used. The merchandise was stacked in the aisle in multiple levels of boxes, which the store patrons emptied, leaving empty boxes on the floor (Doc. 12). Newcomb specifically contends the trip hazard was not a transient condition but arose from the merchandising method used (Doc. 12).

---

In this inquiry the motive or purpose of the joinder of in-state defendants is not relevant. The purpose of the inquiry is an analysis of the court's diversity jurisdiction by a simple and quick exposure of the chances of the claim against the in-state defendant alleged to be improperly joined. Any piercing of the pleadings should not entail substantial hearings. Discovery by the parties should not be allowed except on a tight judicial tether, sharply tailored to the question at hand, and only after a showing of its necessity. The inability to make the requisite decision in a summary manner itself points to an inability of the removing party to carry its burden.

Newcomb alleges that Wilkes had been assigned the obligation to discover and remedy hazardous conditions and should have been aware of the trip hazard (Doc. 12).

Most of the jurisprudence regarding merchant liability in the area of slip or trip and fall involves a hazard caused by spilled liquid or an item such as a box temporarily present in an aisle. LSA-R.S. 9:2800.6 applies to those cases and provides instruction as to the burden of proof in such cases. See Crooks v. Nat'l Union Fire Ins. Co., 620 So.2d 421, 424 (La. App. 3d Cir. 1993), writs denied, 629 So.2d 391, 392 (La. 1993).

However, the law of merchant liability found in La. R.S. 9:2800.6 does not apply to every accident on a merchant's premises. The burden of proof instruction found in La. R.S. 9:2800.6(B) applies when there is a claim for a fall due to a condition in or on a merchant's premises. The statute is aimed at "slip and fall" or "trip and fall" cases. It is meant to apply to customers falling in stores. But, if a customer slips or trips and falls because of the direct and simultaneous negligence of a store employee, the burden of proof under ordinary negligence principles is applicable and not the burden of proof under La. R.S. 9:2800.6. See Littleton v. Wal-Mart Stores, Inc., 99-390 (La. App. 3 Cir. 12/1/99), 747 So.2d 701, 703, writ denied, 2000-0804 (La. 5/5/00), 761 So.2d 546 (citing Frelow v. St. Paul Fire & Marine Ins. Co., 93-759 (La.App. 3 Cir. 2/2/94), 631 So.2d 632, 635); Crooks, 620 So.2d at ).

Articles 2315, Article 2317.1, and Canter all establish negligence standards, and the threshold question in any negligence inquiry is whether the defendant owed

the plaintiff a duty. See Gros v. Warren Properties, Inc., 2012 WL 5906724, at *6 (E.D. La. 2012).

Under Louisiana Civil Code Article 2315, the duty arises as a result of the relationship and circumstances of the parties, and courts examine several policy factors to determine whether to impose a duty in a particular case. See Gros, 2012 WL 5906724, at *6. Under Article 2315, every act of a person that causes damage to another obliges the one by whose fault it happened to repair it. Generally, negligence is defined as conduct which falls below the standard established by law for the protection of others against an unreasonable risk of harm. Frelow, 631 So.2d at 635. The amount of caution demanded of a person by an occasion is the result of three factors: the likelihood that his conduct will injure others, taken with the seriousness of the injury if it happens, and balanced against the cost of the precaution he must take to avoid the risk. Frelow, 631 So.2d at 635. If the product of the likelihood of the injury exceeds the burden of the precautions, the risk is unreasonable and the failure to take precautions is negligence. Frelow, 631 So.2d at 635 (citing Dobson v. Louisiana Power & Light Co., 567 So.2d 569, 574 (La.1990); Crooks, 620 So.2d at 425.

Under Articles 2317 and 2317.1, the duty arises as a result of the defendant's status as a custodian, which hinges on a factual inquiry about the party's right of direction and control over the defective thing, and the type of benefit the party derived from the thing. See Gros, 2012 WL 5906724, at *6; see also Kantlehner v. United Fire & Cas. Co., 2003 WL 21500561, at *1 (E.D. La. 2003).

6

Under Canter, the employee's duty is the result of the employer's delegation of a duty to employees that the employer owed to a third party. See Gros, 2012 WL 5906724, at *6. The four-part test articulated in Canter v. Koehring Co., 283 So.2d 716 (La.1973), superseded on other grounds by statute, La.Rev.Stat. Ann. 23:1032 (1998), is used to determine whether an employee is individually liable to third persons, even if they are not co-employees. See Anderson v. Georgia Gulf Lake Charles, LLC, 342 Fed.Appx. 911, 916 (5th Cir. 2009) (citing In re 1994 Exxon Chem. Fire, 558 F.3d 378, 386 (5th Cir. 2009)). Under Canter, individual liability on an employer's officer, agent, or employee may be imposed if:

1. The principal or employer owes a duty of care to the third person, breach of which has caused the damage for which recovery is sought.

2. This duty is delegated by the principal or employer to the defendant.

3. The defendant officer, agent, or employee has breached this duty through personal (as contrasted with technical or vicarious) fault. The breach occurs when the defendant has failed to discharge the obligation with the degree of care required by ordinary prudence under the same or similar circumstances—whether such failure be due to malfeasance, misfeasance, or nonfeasance, including when the failure results from not acting upon actual knowledge of the risk to others as well as from a lack of ordinary care in discovering and avoiding such risk of harm which has resulted from the breach of the duty.

4. With regard to the personal (as contrasted with technical or vicarious) fault, personal liability cannot be imposed upon the officer, agent, or employee simply because of his general administrative responsibility for performance of some function of the employment. He must have a personal duty towards the injured plaintiff, breach of which specifically has caused the plaintiff's damages. If the defendant's general responsibility has been delegated with due care to some responsible subordinate or subordinates, he is not himself personally at fault and liable for the negligent performance of this responsibility unless he personally knows or personally should know

of its non-performance or mal-performance and has nevertheless failed to cure the risk of harm.

See Anderson, 342 Fed.Appx. at 916.

### 3. Newcomb has not alleged a viable cause of action against Wilkes.

Newcomb has not alleged a cause of action against Wilkes under Louisiana law. Although Newcomb alleges, in conclusory fashion, that Wilkes was responsible for keeping the aisles clear of hazards to shoppers, Newcomb does not explain why Wilkes was responsible. Newcomb has stated only that Wilkes was employed at the Dollar General, and has not alleged her job title or description.[2] Although Newcomb has alleged possible legal theories on which Wilkes could possibly be liable to her in negligence, Newcomb has not explained how Wilkes's acts or omissions fit within any of those theories.

Merely presenting legal theories for liability is insufficient to state a claim against Wilkes. Newcomb has not alleged facts to show Wilkes owed a duty to Newcomb to keep the store aisles clear of boxes and failed to do so. Newcomb also failed to allege Wilkes owed Newcomb a personal duty, above and beyond general administrative duties, the breach of which caused Newcomb's injuries.

---

[2] Newcomb complains in her brief that Defendants have not responded to her discovery requests concerning Wilkes's job title and description (Doc. 18). However, Newcomb did not file a motion to compel responses to discovery. And as described above, it is the sufficiency of Newcomb's allegations that must be tested for purposes of this motion.

Moreover, it is noted that, although Wilkes was served more than three months ago (after the case was removed and the motion to remand was filed) (Doc. 15), Wilkes has never answered the complaint and Newcomb has not moved for a default judgment. Pursuant to Fed. R. Civ. P. rule 41(b), as interpreted by the Court and under the Court's inherent power to control its own docket, and Local Rule 41.3, Newcomb's action against Wilkes could also be dismissed *sua sponte* for failure to prosecute, since no responsive pleadings were filed by Wilkes and no default was entered within 60 days after service of process. See Link v. Wabash Railroad Company, 370 U.S. 626, 630-33 (1962); Rogers v. Kroger Company, 669 F.2d 317, 319-20 (5th Cir. 1983).

Therefore, Defendants have carried their burden of proving Wilkes was improperly joined. Newcomb's Motion to Remand is denied.

## III. Conclusion

A judgment will issue this day, denying Newcomb's Motion to Remand (Doc. 12) and dismissing Newcomb's action against Wilkes due to improper joinder.

THUS DONE AND SIGNED in chambers in Alexandria, Louisiana, this 20th day of November, 2017.

Joseph H.L. Perez-Montes
United States Magistrate Judge